### GOLOVIC v RAJEVCAN et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11483.   Decided May 4, 1931

HORNBECK, PJ, and KUNKLE, J, (2nd Dist), and SHERICK, J (5th Dist), sitting.

H. F. Glick, Cleveland, for Golovic.
Krieg, Sammon & Stendel, Cleveland, for Rajevcan.

SHERICK, J.

The main grounds of error relied upon are that the court erred in giving before argument, defendants' special requests numbers 1, 2, 3, 4, 5, and we are of the opinion, without quoting these requests at length, that the court did err in the giving of request numbers 1, 3, 4, and 5. However, we do not feel that these claimed errors are or should be decisive of the question involved.

It is also claimed that the trial court erred in its refusal to give certain requests

offered by plaintiff, which pertain to the matter of law applicable in cases of joint enterprise and concerning these requests and their refusal we may likewise say that even though erroneous, they should not be conclusive of the question presented.

We note that the petition filed in this case sets forth several specifications of negligence and the one upon which the action is in fact grounded is the third specification and that pertains to the charge that the rung which broke was in a weakened condition and cracked and that defendants knew or should have known of the defective condition of this part of the ladder.

We have carefully examined all the testimony in this case and do not find that it is proven that defendants failed to exercise usual and ordinary care in the selection of this tool, that is the borrowed ladder. It is not shown that there was an apparent defect in the rung and it is not proved that this defect could have been discovered by any reasonable inspection.

The record further shows it to be a fact that the plaintiff had equal opportunity of seeing and examining the ladder in question and we understand the law to be that the owner of property is not an insurer ordinarily of his guests safety.

Our attention has been specially directed to page 24 of the record and it is there testified to by plaintiff, speaking of the husband, Steve Rajevcan, that "Steve says, it was kinda weak before" and upon this statement the plaintiff could charge the defendants with negligence. We do not think that this may be given any greater understanding than that the defendants recognized that this rung in the ladder was weak because it broke. It is not a recognition of the fact that the rung was defective in such particular or that the defendants knew or could have known of the defect therein. It must be remembered that this statement attributed to Steve Rajevcan is denied. We hold the view that the inference attributed to this alleged statement by plaintiff is not a reasonable inference and is in fact an attempt to predicate an inference upon an inference. The plaintiff would infer that Steve Rajevcan knew the ladder was defective, that he had examined it and all of this was within his knowledge prior to the breaking of the rung.

We are of strong conviction that plaintiff has failed to prove a material issue of his case in that there is no proof of negligence shown on the part of defendants; hence it must follow that any error in the charge became immaterial.

It is therefore our conclusion that this judgment should be affirmed and the same is verily affirmed.

HORNBECK, PJ, and KUNKLE, J, concur.